1  **WANG, HARTMANN, GIBBS & CAULEY P.C.**
   A Professional Law Corporation
2  Franklin E. Gibbs (SBN 189015)
   FranklinGibbs@whgclaw.com
3  Peter O. Huang (SBN: 203999)
   PeterHuang@whgclaw.com
4  Erick P. Wolf (SBN 224906)
5  ErickWolf@whgclaw.com
   1301 Dove Street, Suite 1050
6  Newport Beach, CA 92660
   Telephone: (949) 833-8483
7  Facsimile:  (949) 833-2281
   Attorneys for Defendant,
8  AIMO WIRELESS, INC.

9  **OSWALD & YAP LLP**
   Carol A. Gefis (SBN 147814)
10 Jay Y. Chiu (SBN 235728)
   16148 Sand Canyon Avenue
11 Irvine, California 92618
   Telephone: (949) 788-8900
12 Facsimile: (949) 788-8980
   Attorneys for Plaintiff,
13 VALOR COMMUNICATION, INC

14            UNITED STATES DISTRICT COURT
15            CENTRAL DISTRICT OF CALIFORNIA
16                    WESTERN DIVISION

| | |
|---|---|
| 17 VALOR COMMUNICATION, INC., a California corporation, | Case No. CV09-5919 GAF (JCx) Judge: Hon. Gary A. Feess |
| 19         Plaintiff, | MODIFIED **STIPULATED PROTECTIVE ORDER** |
| 20 vs. | |
| 21 | |
| 22 AIMO WIRELESS INC., a California corporation; DAVID KONG, an individual and DOES 1 through 5, inclusive | Complaint served: August 21, 2009 |
| 24         Defendants. | |
| 25 AIMO WIRELESS INC., a California corporation; DAVID KONG, an individual | |
| 27         Counter-complainants, | |
| 28 vs. | |

VALOR COMMUNICATION, INC., a California corporation

Counter-defendant

Pursuant to Fed. R. Civ. P. 26(c), and in order to facilitate discovery and particularly to facilitate the exchange during discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1.a. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), audio or video recording, thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action.

b. Discovery Material which contains non-public, confidential or proprietary information, whether personal or business-related may be designated as "CONFIDENTIAL." Certain limited types of "Confidential" Discovery Material may be further designated, as defined and detailed below, as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The "Confidential - Attorneys' Eyes Only" designation shall be reserved for Confidential Discovery Material that constitutes, reflects, or concerns trade secrets as defined by Cal. Civil Code § 3426.1[1], know-how or proprietary data, business, financial or commercial information, customer lists, or market surveys, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"). All such Confidential and Confidential -- Attorneys' Eyes

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Only designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("the Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to timely designate Discovery Material as Confidential or Confidential - Attorneys' Eyes Only does not constitute a waiver of such claim, and a party may later designate Discovery Material as Confidential or Confidential - Attorneys' Eyes Only and thereafter such Discovery Material is subject to the protections of this Protective Order.

    c. Discovery Material identified by any party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies thereof, shall be retained at the offices of counsel for the Receiving Party.

    2. The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs, DVDs, and tapes), other than depositions or other pretrial testimony, as Confidential or Confidential - Attorneys' Eyes Only Discovery Material shall be made by the Designating Party in the following manner:

    a. Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or similar designation on each page containing any Confidential Discovery Material (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. To the extent practical, the Confidential legend shall be placed near the Bates number, if the Confidential Discovery Material bears a Bates number.

    b. Documents designated "Confidential - Attorneys' Eyes Only" shall be so marked by conspicuously affixing the legend CONFIDENTIAL - ATTORNEYS' EYES ONLY" or similar designation on each page containing any Confidential - Attorneys' Eyes Only Discovery Material (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. To the extent practical, the Confidential - Attorneys' Eyes Only legend shall be placed near the

Bates number, if the Confidential - Attorneys' Eyes Only Discovery Material bears a Bates number.

3. All Discovery Materials designated Confidential and Confidential - Attorneys' Eyes Only that are not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth in paragraph 2 hereof shall be designated by the producing party by informing the Receiving Party in writing.

4. If documents (including physical objects) are made available for initial inspection by counsel for the Receiving Party prior to producing copies to the Receiving Party, at the request of the producing party, these documents made available for initial inspection shall initially be considered, as a whole, to constitute Confidential - Attorneys' Eyes Only Discovery Material and shall be subject to this Order. Thereafter, the producing party shall have ten (10) business days from the inspection to review and designate the appropriate documents as Confidential and/or Confidential -- Attorneys' Eyes Only prior to furnishing copies to the Receiving Party. This initial inspection of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document so inspected.

5. Upon discovery by the Receiving Party of information that the Receiving Party in good faith believes to have been inadvertently produced, the Receiving Party shall immediately notify the producing party of the discovery of such information. The inadvertent production in discovery of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof if, within ten (10) business days after learning of the inadvertent production, the producing party designates any such documents as within either the attorney-client privilege or work product immunity and requests, in writing, return of any such documents and all

1  copies thereof to the producing party. The Receiving Party has ten (10) business
2  days to return such documents and all copies thereof or to inquire whether the
3  production was inadvertent. Upon a reasonable inquiry by the Receiving Party as to
4  whether a document was inadvertently produced, the producing party shall have ten
5  (10) business days to respond. The producing party's response shall: (1) state
6  whether the document was or was not inadvertently produced, and if inadvertently
7  produced, explain the inadvertent production, (2) if applicable, designate the
8  document as within the attorney-client privilege or work product immunity, and (3)
9  state whether return of the document is requested. Upon request by the producing
10 party for return of any such documents pursuant to (3) in the preceding sentence, the
11 Receiving Party immediately shall return to the producing party all copies of such
12 documents. Nothing herein shall prevent the Receiving Party from challenging the
13 propriety of the attorney-client privilege or work product immunity designation by
14 filing an appropriate motion with the Court.

15      6. Confidential and Confidential - Attorneys' Eyes Only Discovery Materials
16 shall not include any Discovery Materials which:

17      a. Have been or become lawfully in the possession of the Receiving Party
18 through communications other than production or disclosure in this action, for
19 example, as a result of legitimate business dealings between the parties, unless those
20 documents are covered by a separate non-disclosure or confidentiality agreement, in
21 which case the Receiving Party may continue to use such documents in the course of
22 its business subject to those agreements; or

23      b. Have been or become part of the public domain by publication or otherwise
24 and not due to any unauthorized act or omission on the part of the Receiving Party or
25 any third party. Nothing herein shall impose any restriction on the use or disclosure
26 by a party of its own documents or information.

27
28

**STIPULATED PROTECTIVE ORDER**

7. Subject to paragraphs 8, 9, and 10 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential" under this Protective Order, in this Action are:

   a. Attorneys of record for the parties and their stenographic, secretarial, clerical and paralegal employees whose duties and responsibilities require access to such materials;

   b. For each party, only those employees and agents of the Receiving Party, including in-house counsel, having a need to know without written permission from the producing party or further order of this Court.

   c. Retained independent consultants, vendors or experts, including vendors preparing audiovisual aids, e.g. exhibits, models, graphics and video-tapes (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), who are not current employees of any party to this Action, or any direct competitor of any party to this Action;

   d. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

   e. Outside document copying services (e.g., Ikon, Xerox), and/or document coding or computerization services (e.g., Quoruni/Lanier). Notwithstanding any other provision of this protective order, access to Confidential or Confidential - Attorneys' Eyes Only documents shall be permitted to such vendors, without need for the completion or execution of Exhibit A. For purposes of this paragraph 7(e), "document" refers to paper documents, video tapes, CD-ROMs, computer discs, and other similar media. The attorney of record providing Confidential or Confidential - Attorneys' Eyes Only documents to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

**STIPULATED PROTECTIVE ORDER**

1  f. Persons identified pursuant to paragraph 7, including but not limited to
2  experts and consultants, shall not be made subject to discovery by virtue of this
3  Order's disclosure requirements.
4  8. Persons having access to Discovery Material designated Confidential -
5  Attorneys' Eyes Only shall be the same as Qualified Persons in paragraph 7 above,
6  except that there shall be no access by Qualified Persons pursuant to paragraph 7(b)
7  to Confidential - Attorneys' Eyes Only Discovery Material.
8  9. Qualified Persons defined in paragraphs 7(c) shall be allowed access to
9  Confidential or Confidential - Attorneys' Eyes Only Discovery Material, as limited
10 by paragraph 8 of this Protective Order, only after the Receiving Party and the
11 Qualified Person comply with the following procedure:
12 a. Before receiving any Confidential or Confidential - Attorneys' Eyes Only
13 Discovery Material, each person described in paragraph 7(c) shall be furnished with a
14 copy of this Protective Order and shall acknowledge, by executing an undertaking in
15 the form attached hereto as Exhibit A, that he or she has read this Protective Order,
16 understands it, and agrees to be bound by it, and also expressly consents to the
17 jurisdiction of this Court in connection with any proceeding or hearing relating to the
18 enforcement of this Protective Order.
19 b. Outside counsel for each Receiving Party shall retain a copy of each Signed
20 Undertaking Pursuant to Protective Order (Exhibit A) it obtains, and shall serve
21 opposing counsel with a copy upon request.
22 10. Confidential and Confidential - Attorneys' Eyes Only Discovery Material
23 and the substance or content thereof, including any notes, memoranda or other similar
24 documents relating thereto, shall be used by a Receiving Party solely for the purpose
25 of this action and any appeals therefrom, shall not be used for promotional or
26 competitive purposes, and shall not be made available, or disclosed, or summarized
27 to any persons, including the parties, other than as permitted by paragraphs 7-9 of this
28 Protective Order.

11. Any person in possession of Confidential or Confidential - Attorneys' Eyes Only Discovery Material shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential or Confidential - Attorneys' Eyes Only Discovery Material in order to ensure that the confidential or highly confidential nature of the same is maintained.

12. If Confidential or Confidential - Attorneys' Eyes Only Discovery Material is disclosed to anyone other than as authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential or Confidential - Attorneys' Eyes Only Discovery Material and make every reasonable effort to retrieve such Confidential or Confidential - Attorneys' Eyes Only Discovery Material and to prevent further disclosure.

13. When Confidential or Confidential - Attorneys' Eyes Only Discovery Material is discussed, quoted or referred to during any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 7-9 of this Protective Order to have access to such Information are present.

14. Discovery Material identified as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with this Protective Order may be disclosed in testimony at the trial of this action or ordered in evidence at the trial of this action, subject to the Federal Rules of Evidence and subject to such further Order as this Court may enter.

15. During the course of preparing for a deposition or testimony, a fact deponent/witness, who is not a Qualified Person under paragraphs 7-9 above, may only be shown Confidential or Confidential - Attorneys' Eyes Only Discovery Material from another party's documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness.

16. With regard to depositions, whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe

1  the testimony will include Confidential or Confidential - Attorneys' Eyes Only
2  Discovery Material) or when the Confidential or Confidential - Attorneys' Eyes Only
3  Discovery Material is disclosed (when not previously anticipated) to separate those
4  portions of the transcript containing confidential information and separately bind it
5  from the non-confidential portions.  Any deposition transcript containing
6  Confidential or Confidential - Attorneys' Eyes Only Discovery Material shall be
7  marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE
8  ORDER," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO
9  PROTECTIVE ORDER," as appropriate. A party may designate any portion or all (if
10 appropriate) of the transcript as containing Confidential or Confidential - Attorneys'
11 Eyes Only Discovery Material by so advising during the deposition, with reasonable
12 precision as to the affected testimony, the deposition reporter, who shall accordingly
13 indicate in the deposition transcript what portion(s) of the testimony (or exhibits
14 thereto) were so designated, or by so advising all other parties in writing, and with
15 page and line designations, within ten (10) business days after receipt of the
16 transcript.  Until ten (10) business days have passed after the receipt of any transcript,
17 that entire transcript shall be deemed to be Confidential - Attorneys' Eyes Only.  In
18 the event of disagreement about the confidential status of a deposition transcript, it
19 shall continue to be treated as "Confidential - Attorneys' Eyes Only" or
20 "Confidential," whichever protection is being sought, until this Court rules otherwise.
21  17. All persons, other than the parties and their counsel, present at the taking of
22 the depositions in which such information is involved, upon notice of the terms of
23 this Protective Order, are hereby enjoined from disclosing to any other person not
24 directly interested in this litigation or not authorized under this Confidentiality Order
25 to receive such information the testimony of the deponent regarding such
26 information.
27  18. No document or other material shall be filed under seal except as provided
28 by Local Rule 79-5. If the Receiving Party desires to place any of the Producing

- 9 -
**STIPULATED PROTECTIVE ORDER**

1  Party's Confidential Discovery Material before the Court, the Receiving Party shall
2  either (i) give at least five (5) court days notice to the Producing Party that it intends
3  to lodge Confidential Discovery Material with the Court, including an identification
4  of the particular Confidential Discovery Material to be lodged, to allow the
5  Producing Party time to seek an order of the Court that the Confidential Discovery
6  Material be filed under seal; or (ii) lodge the Confidential Discovery Material in a
7  sealed envelope along with the motion requesting the Confidential Discovery
8  Material to be filed under seal. For applications, motions or other papers submitted
9  to the Court in which a party submits Confidential Discovery Material, all documents
10 containing Confidential Discovery Material that are submitted to the Court shall be
11 lodged (not filed) with the Court in sealed envelopes or other appropriate sealed
12 containers on which shall be endorsed the title of the Litigation, an indication of the
13 nature of the contents of the sealed envelope or other container, the words
14 "Confidential" or "Confidential – Attorneys' Eyes Only" as appropriate. All papers
15 that refer to or rely upon such evidence shall designate the particular aspects that are
16 confidential. ~~Until the Court rules on whether to seal the lodged materials, the lodged materials shall be segregated by the Court and not publicly available.~~

18  19. In the event that the case proceeds to trial, all of the information that was
19 designated as confidential and/or kept and maintained pursuant to the terms of the
20 Protective Order becomes public and will be presumptively available to all members
21 of the public, including the press, unless sufficient cause is shown in advance of trial
22 to proceed otherwise.
23  20. Entering into, agreeing to and/or producing or receiving Confidential or
24 Confidential - Attorneys' Eyes Only Discovery Material pursuant to, or otherwise
25 complying with the terms of, this Protective Order shall not:
26  a. Operate as an admission by any party that any Discovery Material
27 designated as Confidential or Confidential - Attorneys' Eyes Only contains or reflects
28

trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

    c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material document, testimony or the evidence subject to this Protective Order;

    d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential or Confidential -- Attorneys' Eyes Only should be subject to the terms of this Protective Order;

    e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any Discovery Material, including purportedly Confidential or Confidential - Attorneys' Eyes Only Discovery Material;

    f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential or Confidential - Attorneys' Eyes Only Discovery Material more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential or Confidential- Attorneys' Eyes Only by that party.

    21. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential or Confidential - Attorneys' Eyes Only, to challenge or object to the Confidential or Confidential - Attorneys' Eyes Only designations shall not be deemed a waiver of its right to challenge or object to the Confidential or Confidential - Attorneys' Eyes Only designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Confidential - Attorneys' Eyes Only or may request permission to use or disclose Discovery Materials with Confidential or Confidential -

1  Attorneys' Eyes Only designations other than as permitted, pursuant to this
2  paragraph. To challenge the designation, the Receiving Party shall serve (by mail) a
3  written notice upon counsel for the Designating Party for meet and confer. Such
4  notice shall specifically identify the Confidential or Confidential - Attorneys' Eyes
5  Only Discovery Material, including Bates number, if any, sought to be challenged.
6  The parties shall meet and confer to resolve the dispute within at least ten (10)
7  business days after the written notice. If the parties are subsequently unable to agree
8  to the designation, the Designating Party shall submit the matter to the Court for
9  resolution *in accordance with the provisions of Local Rules 37-1 through 37-4*. ~~The disclosure of the challenged materials shall be postponed until a~~
10 ruling has been obtained from the Court. Where the permission to use or disclose the
11 designated material to an unqualified person is sought, the Receiving Party shall
12 serve (by email) a written request upon counsel for the Designating Party at least ten
13 (10) business days before the date of the proposed disclosure and by providing
14 telephonic notice of such request on the same date as the email is transmitted. Such
15 request shall specifically identify the Confidential or Confidential - Attorneys' Eyes
16 Only Discovery Material, including Bates number, if any, sought to be disclosed, the
17 name, title and function of the person to whom disclosure is desired to be made, and
18 the reason for the proposed disclosure. The Designating Party shall thereafter
19 respond to the request in writing within five (5) business days after receipt of same.
20 Absent good cause shown, a failure to respond within such time shall constitute
21 consent to the request. If, where consent has been withheld, the parties are
22 subsequently unable to agree on the terms and conditions of disclosure, the matter
23 may be submitted to the Court for resolution *in accordance with the provisions of Local Rules 37-1 through 37-4* by the party seeking disclosure.
24 Disclosure shall be postponed until a ruling has been obtained from the Court.
25      22. All provisions of this Protective Order shall continue to be binding on the
26 parties and all persons who have received information under this Protective Order
27 after the conclusion of this action, including all appeals, until further Order of the
28 Court, unless the parties agree otherwise in writing. *Except for materials in the possession of the Court or Court personnel,* any and all originals and copies

- 12 -
**STIPULATED PROTECTIVE ORDER**

of Discovery Materials designated Confidential or Confidential - Attorneys' Eyes Only shall, at the request of the Designating Party, be returned to the Designating Party within thirty (30) days after a final judgment herein or settlement of this action, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential or Confidential - Attorneys' Eyes Only Discovery Material. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Confidential or Confidential - Attorneys' Eyes Only Discovery Material to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed; as the case may be.

23. The destruction of electronic documents at the conclusion of this litigation shall be consistent with the terms outlined in paragraph 21, 22 and shall include the destruction of any Confidential Discovery Material (belonging to the Producing Party) stored on any of Receiving Party's document management programs, such as iManage, litigation management programs, such as Trial Director, extranet, or electronic media, including but not limited to, hard drives, back-up drives, CDs, DVDs, and USB drives. To the extent the Receiving Party is unable to remove or destroy all electronically stored Confidential Discovery Material, the Receiving Party shall indicate to the Producing Party within thirty (30) calendar days after a final judgment herein, or settlement of this action, what cannot be removed or destroyed

1  and why it cannot be removed or destroyed.  The Receiving Party is responsible for
2  all reasonable costs for removing or destroying Confidential Discovery Material.
3      24. Any violation of the terms of this Protective Order shall be punishable by
4  money damages, interim or final injunctive or other equitable relief, sanctions,
5  contempt of Court citation, or such other or additional relief as deemed appropriate
6  by the Court.  The party designating information, documents, materials or items as
7  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" bears
8  the burden of establishing the respective level of confidentiality.
9      25. Until such time as this Protective Order has been entered by the Court, the
10 parties agree that upon execution by the parties, it will be treated as though it had
11 been "So Ordered."
12     26. Third parties who produce information in this action may avail themselves
13 of the provisions of this Protective Order and Discovery Material produced by third
14 parties shall be treated by the parties in conformance with this Protective Order.  Any
15 such non-party shall have standing to appear in this action in order to file motions
16 and oppose motions, as necessary, to protect such non-party's rights in its
17 information.

Respectfully submitted,

Dated: December 8, 2009          WANG, HARTMANN, GIBBS & CAULEY
                                 A Professional Law Corporation


                                 By:  /s/ Erick P. Wolf
                                      Erick P. Wolf
                                      Attorneys for Defendant,
                                      AIMO WIRELESS, INC.

1  Dated: December 8, 2009			OSWALD & YAP LLP

				By:	/s/ Jay Y. Chiu
					Jay Y. Chiu
					Attorneys for Plaintiff,
					VALOR COMMUNICATION, INC.

# EXHIBIT A

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER

I hereby certify (i) my understanding that Discovery Material including Confidential or Confidential - Attorneys' Eyes Only Discovery Material are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Central District of California (the "District Court") in this action, and (ii) that I have read the Order. I covenant that any Confidential or Confidential -- Attorneys' Eyes Only Discovery Material shall be used by me solely for the purpose of this case and not for any competitive purpose, and I will not disclose such information to any other persons except as permitted by the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of this District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated:

Signature:

Name:

Address: